## John H. McCutchen v. P. M. Dougherty.

1. STATUTE OF LIMITATIONS—CONSTRUCTION.—The act of December 31st, 1862, suspending statutes of limitation, included writs of error. Griffin v. Mills, 40 Miss., 614. The courts of the United States and of this state, have determined that the war closed April 2d, 1866, the date of the president's proclamation declaratory of that fact. Our statute of limitation commenced running again on the 2d of April, 1867.

2. RETURN OF PROCESS.—The return of the sheriff that he had " executed this writ by delivering a true copy to the defendant in person," is a sufficient personal service within the statute to warrant a judgment by default final.

3. JUDGMENT—RATE OF INTEREST.—The action was founded on a note for $1,088 44, bearing interest at ten per cent. per annum, and an account of $270, at interest at six per cent. Judgment by default was for $1,683 92 in the aggregate, without specifying the particular rate of interest. This is not an error of which the defendant can complain.

Error to the circuit court of Yazoo county. CAMPBELL, J.

P. O'Donnell & Co. brought an action of *assumpsit* against John H. McCutchen, in the circuit court of Yazoo county, at the May term, 1861, founded on defendant's promissory note for the sum of $1,088 44, with interest from date, at ten per cent., until paid; and upon an open account against defendant, for $270 00.

The usual summons was issued, and the sheriff made the following return thereon, to-wit: " Executed the within writ June 4, 1861, by delivering a true copy of the same to the defendant in person.           W. H. Mangum, Sheriff."

At November term, 1865, the death of P. O'Donnell, one of the plaintiffs, was suggested, and suit revived in the name of P. M. Dougherty, surviving partner; and no plea being filed for defendant, judgment by default was rendered against him, on said note and account, for $1,683 92, and for costs, etc. To the writ of error in the case, the defendant in error pleaded the statute of limitation, to-wit: that the same was not sold out within three years next after the rendition of said judgment.

Plaintiff in error assigns the following errors:

1st. Because the service of process in this case by the sheriff, is insufficient, and not in accordance with the law in such case, being neither personal nor constructive notice, as required by the statute, and there being no plea or appearance by the defendant below. Rev. Code, 489, art. 64.

2d. The judgment is founded on two causes of action, to-wit: a note stipulating ten per cent. interest on its face, and an account which, by law, is entitled to only six per cent. interest, and both are united and consolidated in one action, and one judgment, *in solido;* they are incompatible, and the union of such causes of action and judgment thereon, is erroneous, and without authority of law. Rev. Code, 370, arts. 1, 3, 4.

*Hudson & Nye,* for plaintiff in error,

Upon the point raised in the plea of the statute of limitations, contended that the statute of January 29, 1862, Acts, p. 78, suspends the operation of every statute of limitations known to the laws of this state, upon any and every subject and case, for one year after peace, and our high court has decided in a number of cases (to-wit: Griffing v. Mills, 40 Miss., 611 ; Hill et al. v. Boylan et al., 40 Miss., 618 ; Treadwell v. Herndon, 41 Miss., 38) that this act was valid, and that there was no running statute of limitations in this state, upon writs of error, or anything else, until the 2d day of April, 1867, from January 29, 1862, and December 12, 1862. See acts of 1862, p. 78. Nor will such plea avail the defendant in the high court. His remedy, if any, is against the clerk below, for his negligence. 28 Miss., 629 ; 41 Miss., 38. Certainly the cases of 28 Miss., 627 ; 41 Miss., 38 ; 40 Miss., 611 ; 40 Miss., 618, and the statutes of January 29, and December 12, 1862, dispose of this plea. 1st. That the defense cannot be made by plea, in this court; and, 2d. If it could, the defense is not well taken. The judgment was rendered in this case, after the war. The statute did not begin to run until April 2, 1867. 40 Miss., 611. And as this writ of error was brought within three years from and after the 2d day of April, 1867, it is not barred. For these reasons, the plea must be over-ruled.

If there is any service of process in this case, it must be personal service, and unless the return shows affirmatively all the statute requires to be done to constitute personal

service, then the service is bad. To constitute personal service, the writ originally issued out of the clerk's office with the seal of the court annexed, must be served on the defendant in person, and in addition thereto, the sheriff must deliver to the defendant a true copy of that writ. 40 Miss., 585; 41 Miss., 553, 554. The service and copy must concur. The service is one thing and the copy is another; both must be performed, or it is no service; at least not personal service. Rev. Code, 489, art. 64. There is no such service as personal service by copy only, nor constructive service, by copy to defendant in person.

As to second error assigned, it is expressly declared that all judgments and decrees shall bear interest at the rate that the debt or contract was bearing, on which the judgment or decree was founded. Here there were two several contracts, one bearing by law, 6 per cent., and the other by contract, 10 per cent., both are united in one action and one judgment *in solido.* What is the rate of interest on this judgment—6 or 10 per cent., or any other per cent? A judgment must be an entirety in itself, and all its incidents. We can't go behind it or divide and parcel it, to part and parcel interest at different rates, on different and uncertain amounts. The judgment is certainly erroneous, and must be reversed. The fault is in the plaintiff below. Rev. Code, 370, arts. 1, 3, 4; Cooper v. Bissell, 16 Johns., 146; 1 Chit. Pl., 199; 1 Lord Raym., 272; 2 Saunders, 117. Nor is it cured by statute of jeofails; 1 Sell. Prac., 392, and may be reached by writ of error. 1 Chit. Pl., 206.

*Wilkinson & Bowman,* for defendant in error.

This case comes up by writ of error from the circuit court of Yazoo county. The writ of error was not sued out until after the expiration of three years from rendition of judgment. The judgment was rendered in November, 1865, and the petition for writ of error was on 20th January, 1870.

A plea of the statute of limitations of three years is filed, and there is no reply. Writs of error and appeal shall be

sued out, or granted within three years next after the rendition of the judgment or decree complained of, and not after. Rev. Code, 401, art. 17.

The record showing the truth of the facts of the plea, and there being no replication dividing the plea, we submit that the case should be affirmed.

SIMRALL, J.:

The preliminary question is, whether the writ of error is barred by the statute of limitations.

The judgment was rendered on the —— day of November, A. D. 1865.   The writ of error was issued the 26th day of March, A. D. 1870.   The act of the 31st of December, A. D. 1862 suspended the statutes of limitations until twelve months after the close of the then existing war.   Included in the suspension, was the act for prosecuting writs or error. Griffin v. Mills, 40 Miss., 614.   The courts of the United States, as well as of this state, have fixed as the time of the close of the war, the 2d of April, 1866, the date of the president's proclamation, declaratory of the fact.

As against the right to prosecute this writ of error, the statute began to run on the 2d of April, 1867, so that the bar would not attach until the 2d of April, 1870.   It follows then, that this writ was sued out in proper time.

2d. The return of the sheriff, on the summons, is a substantial, if not a literal compliance with the law.   Surely, the execution of the writ, " by delivering a true copy to the defendant in person," is a personal service within the terms of the statute, so as to warrant a judgment by default final.

3d. The last objection made by the assignment of errors is, that whereas, the statute allows the judgment to bear the same rate of interest as the cause of action which is merged into it, this suit was founded on two causes of action—a promissory note for $1,088 44, at 10 per cent. interest per annum, from date; and the balance on an open account of $270 00, at interest of 6 per cent. per annum.   And the judgment does not separate these two amounts, and make each

part bear its appropriate rate of interest. The judgment is for $1,683 02, without specifying the rate of interest. If no rate of interest is prescribed in the judgment, it would bear interest at the rate declared by existing law. But, is this a matter of which the debtor can complain. If the creditor chooses to waive the higher rate, upon much the larger part of his debt, it is not seen how the debtor is prejudiced thereby. If, instead of claiming interest on the aggregate amount of his note, at 10 per cent., and of his account at 6 per cent., and so specifying in the judgment, as he had a right to, but takes judgment for his entire amount, the plaintiff in error, instead of being injured thereby, is, perhaps, materially benefitted.

Let the judgment be affirmed.